

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 3, 1962

Honorable Connell Ashley
District Attorney
112th Judicial District
Fort Stockton, Texas

Opinion No. WW-1296

Re: Whether a county clerk
can establish a sub-
office in a town other
than the county seat
for the purpose of
accomodating voters in
absentee voting.

Dear Mr. Ashley:

In your letter you have asked the following question:

"Pecos County is a large county, and
there is a town located in Pecos County
called Iraan, which is 65 miles from the
county seat of Fort Stockton. The County
Clerk desires to go to Iraan once each
week during the time of absentee balloting
to accept absentee ballots and to distribute
same. The law now provides that absentee
balloting can be permitted in the office
of the County Clerk and the Clerk has asked
me whether if he personally goes to this
town located within the boundaries of this
county, he could establish a sub-station or
sub-office so as to be allowed to accomodate
the voters in that area."

Article 5.05, Texas Election Code, provides for absentee
voting. Subdivision 1 of Art. 5.05, reads in part as follows:

". . .

"Absentee voting shall be conducted by two
methods: (1) voting by _personal appearance at
the clerk's office_, and (2) voting by mail. All
electors coming within the foregoing provisions
of this subdivision may vote by _personal appearance
at the clerk's office_ if they are able to make
such appearance within the period for absentee
voting. . . ." (Emphasis added.)

Subsections (a) and (b) under Subdivision 1 of Art. 5.05,
Texas Election Code, prescribes how voters may vote by mail in
the case of sickness or physical disability, and by reason of

expected absence from the county on election day, when the application is postmarked from a point outside the county.  The concluding sentence of Subdivision 1 of Art. 5.05, reads as follows:

"Electors not coming within (a) or (b) above who expect to be absent from the county of their residence on the day of the election may vote only by personal appearance at the clerk's office."(Emphasis added.)

Subdivision 3 of Art. 5.05, Texas Election Code, provides in part as follows:

"At any time not more than twenty (20) days, nor less than three (3) days, prior to the date of the election, an elector who is eligible to vote absentee may do so by making his personal appearance before the county clerk of the county of his residence at the office of the clerk and delivering to such clerk his application aforesaid, whereupon he shall be entitled to receive from the clerk the following absentee voting supplies:

"(a) . . .

"(b) . . .

"(c) . . .

"The elector shall then and there, in the office of the clerk, mark the ballot in the presence of the clerk, sign his name on the back of the ballot stub, detach the stub from the ballot, fold the ballot and place it in the envelope marked 'Ballot Envelope' and seal the same. . . ." (Emphasis added.)

Thus it is very clear from the statute that absentee voting will be conducted in the office of the clerk, except where absentee voting is permitted by mail.  Art. 1605, V.C.S., reads in part as follows:

"The . . . Clerks . . . of the County Courts . . . . shall keep their offices at the county seats of their respective counties; . . ."

Article 1605, V.C.S., goes on to authorize the establishment of a branch office in counties within certain population brackets, counties containing cities over a certain population, etc., when authorized by order of the Commissioners Court.  But this branch

office is for the Assessor and Collector of Taxes.  Art. 1605a, V.C.S., authorizes a county having a city other than the county seat, such other city having a population of 20,000 or over, to establish a branch office in such other city.  However, among the offices which are prohibited by Art. 1605a from being located in the branch office is the office of County Clerk.  Art. 1605a-1, V.C.S., is another statute authorizing a branch office building, but it does not specifically state what offices shall be located therein.  Art. 1605a-2, V.C.S., authorizes an office building and/or jail in certain counties, but the offices to be maintained therein are a branch of the tax assessor-collector's office, a jail, and a justice court. Art. 1605a-3, V. C.S., authorizes in certain counties the erection of a building to serve as branch offices and library of the county, justice of the peace, and city hall for the town in which it is located.

Other than the statutes named above, we find no authority for a branch office in towns and cities which are not the county seat.  In none of the statutes do we find specific authority to locate a branch of the County Clerk's office in another city or town which is not the county seat.  In most of the statutes, a branch county clerk's office would be prohibited by not being specifically named, when the statute is specific in which offices are to be allowed in the sub-station.  In one statute the County Clerk is specifically prohibited from having an office in the sub-station.

But even if there could be a county clerk's branch office located at a town other than the county seat, we do not find any statute with population brackets which would fit Pecos County. According to the Texas Almanac for 1961-1962, the 1960 Federal Census for Pecos County showed a population for Pecos County of 11,957, that of the county seat, Fort Stockton, 6373, Iraan, 1,255, and all towns in the county (except the county seat) with less than 2,000 each.  We have compared these statistics with the statutes listed above, and find none of the exceptions applicable to Pecos County.

We hold, therefore, that the County Clerk of Pecos County has but one office, that being his office at the county seat in Fort Stockton; that there is no authority for him to open a branch office or substation anywhere in the county; and that absentee voting when conducted by personal appearance of the voter before the clerk and not by mail, must be done only at the county clerk's office at the county seat.  We do feel that the County Clerk of Pecos County is to be commended for offering to perform this extra service to the voters in his county, however, it is not legal for him so to do.

## S U M M A R Y

The County Clerk of Pecos County is not authorized to open a branch office or substation in the county to accomodate absentee voters.  Art. 1605, V.C.S.  Absentee voting conducted by personal appearance of the voter before the clerk, must be done at the county clerk's office at the county seat.  Art. 5.05, Texas Election Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By:

Riley Eugene Fletcher
Assistant

REF:bjh

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Elmer McVey
Morgan Nesbitt
Gordon Zuber
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.